WERDEGAR, J., Concurring.
Because I find no probability the jury would have returned a verdict more favorable to defendant had it heard the expert witness’s explanation of gang culture and practices, as it did, but not his opinion that the crime was gang motivated, as it also did, I concur in the judgment. But I do not join the majority opinion because I find it neither correctly states nor persuasively responds to the true question before us.
The majority characterizes the Court of Appeal’s holding to be that hypothetical questions must not too closely track the evidence. But both the appellate court and defendant accept that, to be of any value, a hypothetical question must be based on the evidence. To say the Court of Appeal was transforming “the requirement that a hypothetical question be rooted in the evidence into a prohibition,” as the majority does (maj. opn., ante, at p. 1046), is untrue and also evades the real issue in this case.
*1053 The Court of Appeal concluded the expert’s opinion was inadmissible not because it was based on assumed facts that only thinly disguised the prosecution’s evidence, but because based on those facts the expert was allowed to express an opinion that effectively directed the jurors how to resolve the issue of defendant’s motive: “ ‘[Tjhis is a gang-motivated incident. It wasn’t about friends fighting among one another.’ ” Although “[t]he culture and habits of criminal street gangs are appropriate subjects for expert testimony . . . ,” the Court of Appeal observed, “[e]xpert opinion on a specific defendant’s subjective knowledge and intent is not.” (Italics added.)
I can think of two theories for rejecting the Court of Appeal’s conclusion. First, it might be reasoned the expert’s opinion was admissible because, contrary to the Court of Appeal’s belief, although based on a hypothetical tracking the prosecution’s evidence, the expert’s opinion did not direct the jury to conclude that the specific defendant’s crime was gang motivated. Alternatively, it might be reasoned that even after the expert had instructed the jurors generally on gang culture and practices, the jurors’ inexperience in such matters rendered them incapable of determining motive in the circumstances without first hearing the expert’s opinion on the issue. The majority seems to adopt the first theory; in my view, the outcome of this case requires consideration of the second.
The majority appears to accept that an expert may not directly opine that a particular defendant’s crime was gang motivated, because the trier of fact is as competent as the witness to weigh the evidence and draw a conclusion from it. (Maj. opn., ante, at p. 1048, citing People v. Coffman and Marlow (2004) 34 Cal.4th 1, 77 [17 Cal.Rptr.3d 710, 96 P.3d 30], and People v. Prince (2007) 40 Cal.4th 1179, 1227 [57 Cal.Rptr.3d 543, 156 P.3d 1015].) Nor does the majority dispute that the jury in this case must have understood the expert to be stating his opinion that, under the prosecution’s version of the facts as set forth in the hypothetical, the hypothetical defendant’s crime was gang motivated. But the majority concludes the expert did not improperly invade the province of the jury and resolve any factual disputes because the jury would adopt the expert’s opinion as its own only if it first found the prosecution’s version of the facts to be true. (Maj. opn., ante, at p. 1049.) Although superficially plausible, the majority’s explanation evades the central point that the expert told the jurors what inference concerning defendant’s motive to draw in the event it did find the prosecution’s evidence to be true. If it is accepted that expert opinion is not admissible if it consists of inferences and conclusions that can be drawn as easily by the trier of fact as by the witness (see, e.g., Amtower v. Photon Dynamics, Inc. (2008) 158 Cal.App.4th 1582, 1598 [71 Cal.Rptr.3d 361]; People v. Valdez (1997) 58 *1054 Cal.App.4th 494, 506 [68 Cal.Rptr.2d 135]), the question is whether the jury without expert assistance was competent to infer defendant’s motive from the evidence. We thus recognized in People v. Prince, supra, 40 Cal.4th at page 1227: “[A]n expert’s opinion that a defendant is guilty is both unhelpful to the jury—which is equally equipped to reach that conclusion—and too helpful, in that the testimony may give the jury the impression that the issue has been decided and need not be the subject of deliberation.” Similarly, in Summers v. A. L. Gilbert Co. (1999) 69 Cal.App.4th 1155, 1183 [82 Cal.Rptr.2d 162], the court explained: “ ‘[T]he rationale for admitting opinion testimony is that it will assist the jury in reaching a conclusion called for by the case. “Where the jury is just as competent as the expert to consider and weigh the evidence and draw the necessary conclusions, then the need for expert testimony evaporates.” [Citation.]’ [Citations.] In other words, when an expert’s opinion amounts to nothing more than an expression of his or her belief on how a case should be decided, it does not. aid the jurors, it supplants them.”
Expert opinion is of course admissible when related to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact (Evid. Code, § 801), and testimony in the form of an opinion that is otherwise admissible is not objectionable because it embraces an ultimate issue (id., § 805). This court long ago addressed the point in People v. Wilson (1944) 25 Cal.2d 341, 349 [153 P.2d 720]: “There is no hard and fast rule that the expert cannot be asked a question that coincides with the ultimate issue in the case. ‘We think the true rule is that admissibility depends on the nature of the issue and the circumstances of the case, there being a large element of judicial discretion involved. . . . Oftentimes an opinion may be received on a simple ultimate issue, even when it is the sole one, as for example where the issue is the value of an article, or the sanity of a person; because it cannot be further simplified and cannot be fully tried without hearing opinions from those in better position to form them than the jury can be placed in.’ ” Thus, whether expert opinion on motive is admissible turns on whether it will be helpful to the jurors without unnecessarily supplanting them. In People v. Gardeley (1996) 14 Cal.4th 605, 617 [59 Cal.Rptr.2d 356, 927 P.2d 713], we observed that the culture and practices of criminal street gangs are matters outside the common experience of jurors, justifying expert testimony to explain how certain activity might be gang related. We did not in Gardeley hold that an expert in gangs and gang culture could also properly state his or her opinion that certain hypothetically stated activity was in fact gang motivated. We stated, rather, that based on the expert’s opinion that the hypothetical described a “ ‘classic’ example of gang-related activity” (id. at p. 619), “the jury could reasonably conclude” (ibid.) the attack was committed with the specific intent to promote or assist *1055 in gang criminal conduct, as required by Penal Code section 186.22, subdivision (b)(1). The inference, in short, was for the jury to draw, based on the expert’s explanation of gang practices and culture.
While it is not inconceivable an expert opinion could in particular circumstances be needed to fully explain to the jury how a crime might be gang motivated, the majority does not consider the point in this case. Instead, it broadly holds an expert’s opinion on motive is admissible when stated in response to a hypothetical question rooted in the prosecution’s evidence. By failing to recognize that the admissibility of expert opinion is limited by the need for it, the majority suggests that expert opinion on any issue is permissible when provided in response to a hypothetical question rooted in at least one party’s evidence. I am unwilling to subscribe to that rule.